# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JOHN J. SULLIVAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-1816-JMB |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of pro se plaintiff John J. Sullivan for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the certified inmate account statement, the Court assesses a partial initial filing fee of $10.33, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, for the reasons discussed below, the Court will order plaintiff to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $51.66. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.33, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Tabor*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se

complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff, an inmate at Farmington Correctional Center ("FCC"), brings this action under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs against defendants the State of Missouri, Corizon, Nurse Just, and Dr. Wudel.

Plaintiff states that on July 5, 2018, he was treated for a blood clot in his left leg. For the first three or four days of his treatment, plaintiff received one shot of medication to his stomach in the morning, and one shot of medication to his stomach at night. Apparently, the prison ran out of the dosage plaintiff was receiving, because for the next fifteen or sixteen days, he would receive two shots to his stomach in the morning, and two shots at night. He complains that the injection site on his stomach is now hard and sore and getting worse. He has been treated with heat packs, but states these do not relieve his symptoms. Plaintiff believes his stomach condition is a result of all the shots he was given to treat his blood clot. He states the number of shots he received would have been significantly reduced if FCC had ordered more shots in the correct, higher dosage.

Plaintiff also alleges that on August 19, 2018, he hurt his left hand "and something is wrong with it a nerve or tendon or muscle or bone has been hurt."[1] Plaintiff has been seen by the

---

[1] Plaintiff has filed a separate § 1983 action against the correctional officers who allegedly caused the injury to his left hand and wrist. These officers allegedly restrained plaintiff with black box handcuffs during his medical emergency, and refused to provide plaintiff any assistance climbing into the medical transport to the hospital. *See Sullivan v. Burd*, No. 4:18-

nurse and doctor six or ten times for treatment, but states they "will not do anything because I said the shots have done something to me. They are mad at me and my left hand is getting worse and the pain is getting bigger." In a letter to the Court dated November 9, 2018, plaintiff states the bruise is still on his left hand after seventy-one days, and that he has asked for an x-ray. On October 29, 2018, he was seen by a nurse, who told plaintiff that he did not need an x-ray, and that his wrist condition was not life threatening.

For relief, plaintiff seeks reimbursement of any medical bills he might incur to treat his stomach and wrist, and monetary damages of $2 million.

**Discussion**

Although plaintiff alleges legally cognizable claims, his complaint cannot survive initial review under 28 U.S.C. § 1915(e) because he has not alleged claims against the correct defendants in their correct capacities. Plaintiff names as defendants the State of Missouri; Corizon; and Corizon employees Nurse Jost and Dr. Wudel, in their official capacities. To state a claim against Corizon, plaintiff must allege that a policy or custom of Corizon was responsible for the alleged violations of his constitutional rights. Similarly, to state a claim against Corizon employees in their official capacities, plaintiff must allege that a policy or custom of Corizon was responsible for the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff's complaint does not allege that any policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against defendants Corizon, Nurse Jost, and Dr. Wudel.

---

CV-1578-ACL (filed Sept. 17, 2018). That case is pending initial review under 28 U.S.C. § 1915(e).

Similarly, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As a result, the complaint fails to state a claim upon which relief can be granted against the State of Missouri.

Because of the nature of the allegations in plaintiff's complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint. Plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint on a court-provided form. Plaintiff should articulate in what capacity he is bringing his claims against defendants, whether it is in their official or individual capacities or both. *See Monell,* 436 U.S. at 690-91. Failure to bring the claims against the individual defendants in their individual capacities will result in the dismissal of this case without prejudice.

Plaintiff is warned that the filing of the amended complaint completely replaces the original and any supplemental complaints, and any letters to the Court. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his amended complaint within twenty-one (21) days, the Court will dismiss this action without prejudice.

Finally, plaintiff's motion for appointment of counsel will be denied at this time. Although plaintiff has alleged serious claims, none of his claims have, of yet, survived initial review. Counsel is not warranted at this time. Plaintiff may, of course, move for counsel at a later time, if it appears that counsel is warranted if this case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $10.33 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 2]

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of November, 2018.