**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN J. SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1816-JMB |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on *pro se* plaintiff John J. Sullivan's amended complaint. After reviewing the amended complaint pursuant to 28 U.S.C. § 1915, the Court finds that the amended complaint again fails to state a legally cognizable claim. The Court will require plaintiff to file a second amended complaint on a court-provided form. Plaintiff's failure to state a cognizable claim in his second amended complaint will result in dismissal of this action without prejudice.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal

conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Tabor*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a *pro se* complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## Background

Plaintiff, currently incarcerated at Farmington Correctional Center ("FCC"), brings this action under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs. In his initial complaint, plaintiff named four defendants: the State of Missouri, Corizon, Nurse Just, and Dr. Wudel. Plaintiff described two medical conditions for which he did not believe he was receiving adequate treatment: (1) a hard, sore spot on his stomach that resulted from injections of his anticoagulant medication, and (2) a bruised left hand and/or wrist.

On November 19, 2018, the Court reviewed plaintiff's complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and found that although plaintiff alleged legally cognizable claims, he failed to allege claims against the correct defendants in their correct capacities. The Court ordered plaintiff to file an amended complaint to cure the deficiencies.

On December 3, 1018, plaintiff filed an amended complaint. Since that date, plaintiff has submitted six pieces of correspondence which the Court will construe as supplements to the amended complaint. In his amended complaint, plaintiff names only one defendant, Dr. Wudel, and he brings his claims against Dr. Wudel in his official capacity only.

### The Amended Complaint and Supplements

In his amended complaint, plaintiff describes how he was getting two shots a day as treatment for a medical condition. At some time in July 2018, the prison medical department ran out of the dosage shots he required, so he had to endure two additional shots per day (four shots total per day) for a 15 to 16 day period, in order to get the amount of medicine he needed. Ever since these additional injections were given, plaintiff asserts that he has had a hard spot on his stomach and he feels bloated when he lies on his side. He describes his stomach spot as painful and getting worse in the 127 days since the additional injections. Plaintiff states that he last saw Dr. Wudel on August 27, 2018, when the doctor told him that he was bruised or that an injection had hit a muscle. Plaintiff alleges that the prison should not have run out of the correct dosage of injections and that this failure was because Dr. Wudel was "not staying on top of reordering." Plaintiff says that he has complained of continued stomach pain and has requested medical tests three times from nurses, but such requests have been refused. Plaintiff fears permanent damage to his stomach. For relief, plaintiff wants medical tests done to determine what is wrong with his stomach and he seeks monetary damages of $2 million.[1]

Since the filing of his amended complaint, plaintiff has filed six supplements in this matter. Plaintiff again states that his stomach pain is getting worse and he asks to be sent to a

---

[1] The Court notes that plaintiff does not mention the second medical condition discussed in his initial complaint – the injury and treatment of his left hand and wrist – in the "Statement of Claim" section of his amended complaint. Although plaintiff does mention his left hand and wrist in his discussion of exhaustion of the prison grievance filing system and in supplements he filed in this case, plaintiff was warned in the November 2018 order that the filing of the amended complaint completely replaces the original complaint and that any claims not re-alleged would be deemed abandoned. ECF No. 8. In addition, plaintiff's left hand injury is the subject of a separate § 1983 case that he filed in this Court and is still pending, *Sullivan v. Burd*, No. 4:18-cv-1578-ACL (filed Sept. 17, 2018).

hospital to be seen by a specialist and have medical tests done. *See* ECF Nos. 11, 12, 15, 17. Plaintiff reports that a nurse told him in December that he has a hernia. ECF No. 15. However, a lot of the information in plaintiff's supplements is not related to the factual allegations raised in his amended complaint. Plaintiff complains about not getting his medications when he should, about the prison medical department running out of medications, about a separate left hand injury, and about not being seen by doctors but by unlicensed medical students and nurses. ECF Nos. 12, 13, 17. None of the supplemental filings appear to mention defendant Dr. Wudel at all.

### Discussion

The Court has reviewed plaintiff's amended complaint and once again finds that it fails to state a legally cognizable claim. As stated in my November 2018 order, to state a claim against a Corizon employee like Dr. Wudel in his official capacity, plaintiff must allege that a policy or custom of Corizon was responsible for the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff's amended complaint does not allege that any policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the amended complaint fails to state a claim upon which relief can be granted against defendant Dr. Wudel in his official capacity.

Because plaintiff is proceeding *pro se*, the Court will not dismiss the case at this time but will give plaintiff an opportunity to file a second amended complaint. Plaintiff shall have twenty-one (21) days from the date of this Order to file a second amended complaint on a court-provided form. Plaintiff should articulate in what capacity he is bringing his claims against defendants, whether it is in their official or individual capacities or both. *See Monell*, 436 U.S. at 690-91. Failure to bring the claims against the individual defendants in their individual capacities will result in the dismissal of this case without prejudice. Plaintiff's failure to make

specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Plaintiff is warned that the filing of the second amended complaint completely replaces the original complaint, amended complaint, and all supplemental filings with the Court. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his second amended complaint within twenty-one (21) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit a second amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

Dated this 4th day of February, 2019.


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE