UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN J. SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1816-JMB |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on *pro se* plaintiff John J. Sullivan's second amended complaint. After reviewing the second amended complaint pursuant to 28 U.S.C. § 1915, the Court finds that the second amended complaint fails to state a claim for relief. The Court has given plaintiff multiple opportunities to cure his pleading deficiencies and has warned him of the consequences of not doing so. This case will be dismissed without prejudice.

## **Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal

conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Tabor*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**Background**

Plaintiff, currently incarcerated at Farmington Correctional Center ("FCC"), brings this action under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs. In his initial complaint, plaintiff named four defendants: the State of Missouri, Corizon, Nurse Jost, and Dr. Wudel. Plaintiff described two medical conditions for which he did not believe he was receiving adequate treatment: (1) a hard, sore spot on his stomach that resulted from injections of his anticoagulant medication and (2) a bruised left hand and/or wrist. On November 19, 2018, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and found that he failed to allege claims against the correct defendants in their correct capacities. The Court ordered plaintiff to file an amended complaint to cure the deficiencies.

On December 3, 1018, plaintiff filed an amended complaint and subsequently, he submitted six pieces of correspondence which the Court construed as supplements to the

amended complaint. In his amended complaint, plaintiff names only one defendant, Dr. Wudel, and he brings his claims against Wudel in his official capacity only. On February 4, 2019, the Court again reviewed plaintiff's complaint and found that plaintiff failed to allege an official capacity claim against Dr. Wudel because plaintiff did not assert any policy or custom of Corizon that was responsible for the alleged constitutional violations. The Court ordered plaintiff to file a second amended complaint and warned that a failure to state a claim for relief in the second amended complaint would result in dismissal of this action.

**The Second Amended Complaint**

Plaintiff names two defendants in his second amended complaint: Nurse Jost and the "Prison Medical Department." Presumably, plaintiff is referring to Corizon, Inc. (named in his initial complaint) as the prison medical department, since Corizon is the healthcare provider for Missouri Department of Corrections facilities. Plaintiff's second amended complaint is disjunctive and hard to follow. However, he seems to be focused on the same two injuries from his initial complaint for which he feels he is receiving inadequate medical care, his stomach and his wrist.[1]

According to plaintiff, in July 2018, the prison medical department ran out of a medication he was taking by injection, in the dosage amount that he required. As a result, he had to get twice as many shots in his stomach to receive the dosage needed, totally approximately 32 extra shots. Plaintiff asserts that as a result of the extra shots, he now has bruises, knots, tenderness, and a bloated feeling in his stomach.

In August 2018, plaintiff was transported to the hospital to receive treatment for a blood clot in his leg. During the transport home from the hospital, plaintiff injured his wrist. After that trip to the hospital, plaintiff asserts that the prison medical department did not make sure that he

---

[1] The circumstances surrounding how plaintiff injured his wrist is the subject of a separately filed § 1983 lawsuit pending in this Court, *Sullivan v. Burd*, No. 4:18-cv-1578-ACL (filed Sept. 17, 2018).

was getting his pills as needed. He states that he missed receiving pills on multiple occasions because he arrived just a few minutes late to medical. He alleges that the medical department is depriving him of his "rights to have my life saving pill on time and every day." He also accuses the department of denying him the proper equipment and the right to see a specialist. He argues that the medical department should keep life-saving medications on hand at all times, but plaintiff does not name an occasion when the medical department failed to do so.

Plaintiff alleges that he saw nurse Jost in September 2018 concerning his stomach bruises, pain, and numbness. She recommended a warm towel and pointed out that plaintiff will bruise easily due to a medication he was taking. In November, plaintiff saw a different member of the medical staff, who thought that plaintiff may have a hernia in his stomach. In December, Jost ordered an X-ray of plaintiff's wrist which found results "within acceptable limits." ECF No. 19 at 19. Plaintiff alleges that Jost should have ordered a follow-up appointment with a doctor. He believes that she has violated his rights to "proper [medical] equipment," to be seen by a medical specialist, and to a second medical opinion concerning both his wrist and stomach problems.

Plaintiff wants medical tests done to determine what is wrong with his stomach and wrist. He also seeks monetary damages of $2 million.

**Discussion**

The Court has reviewed plaintiff's second amended complaint and once again finds that it fails to state a claim for relief. Plaintiff brings suit against nurse Jost in both her individual and official capacities. Plaintiff alleges that Jost has failed to properly treat both his stomach and wrist injuries by not referring him to a doctor or specialist for a second opinion, and by not providing the "right equipment" for treatment. Plaintiff never states what the "right equipment" is.

In order to state a claim for inadequate medical care under the Eighth or Fourteenth Amendment, a prisoner or detainee must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). A claim of deliberate indifference involves both an objective and a subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). The plaintiff must demonstrate (1) that he suffered an objectively serious medical need, and (2) the defendant actually knew of but deliberately disregarded that need. *Id.* A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). Deliberate indifference may be found when prison officials intentionally deny or delay access to medical care. *Estelle,* 429 U.S. at 104–05. When a delay in treatment is the alleged constitutional violation, however, the objective severity of the deprivation should also be measured by reference to the effect of the delay in treatment. *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).

Although inmates have a right to adequate medical care, they have no "right to receive a particular or requested course of treatment." *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018) (quoting *Dulany*, 132 F.3d at 1239). Doctors are still entitled to exercise their independent medical judgment in making treatment decisions. *Id.* A prisoner's differing "opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Id.* (quoting *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (alteration in original)).

Assuming that both plaintiff's stomach and wrist injuries are serious medical needs, there are not facts alleged that indicate that nurse Jost has deliberately disregarded either injury.

Plaintiff met with Jost about this stomach problem and she suggested he use a warm towel or heat packs to ease the discomfort and she explained that the bruising was probably due to a medication plaintiff was taking that caused him to bruise more easily. Plaintiff claims that Jost should have ordered a follow-up with a doctor or specialist. However, plaintiff admits that he was seen by a doctor less than a month prior, concerning his stomach issues. As for plaintiff's wrist injury, he admits that Jost ordered an X-ray of his wrist in December 2018 and that the results came back unremarkable.

A health care provider is not deliberately indifferent to a plaintiff's serious medical needs just because she prescribes a different method of treatment than the plaintiff requested. Despite what plaintiff alleges, he has no constitutional right to see a doctor or specialist for a second opinion, nor a constitutional right to specific (unnamed) medical tests or equipment. Plaintiff does have a constitutional right to adequate medical care, but there are no factual allegations plead here that indicate he did not receive such care from nurse Jost.

In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom, or official action by Corizon that caused an actionable injury. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Similarly, as stated in my November 2018 order, to state a claim against a Corizon employee like nurse Jost in her official capacity, plaintiff must allege that a policy or custom of Corizon was responsible for the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff's amended complaint does not allege that any policy or custom of Corizon was responsible for any actionable injury or alleged violation of plaintiff's constitutional rights.[2] As

---

[2] To the extent that plaintiff's second amended complaint could be read to argue that Corizon has a policy or custom of understaffing the medical department resulting in the window of time for medication pickup being too short, such a claim fails. Although plaintiff states that he missed getting his medication on multiple occasions because he arrived just a few minutes late, he does not allege that the delay in receiving the medication caused any detrimental effect to his health. *See Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016).

a result, the amended complaint fails to state a claim upon which relief can be granted against both defendant Corizon and nurse Jost.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of March, 2019.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE